UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUBOIS L. JACKSON,

      Plaintiff,                 Civil Action No. 16-14173
                                     Honorable Terrence G. Berg
v.                                Magistrate Judge Elizabeth A. Stafford

UNITED STATES CUSTOMS
AND BORDER PROTECTION, *et al*.

      Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS [ECF NO. 13]

## I.    INTRODUCTION

Plaintiff DuBois Jackson, proceeding *pro se*, brings this action alleging tort and constitutional claims against United States Customs and Border Protection, United States Office of Border Patrol and, in their official capacities, the U.S. Attorney General and the Commissioner of U.S. Customs and Border Patrol (USCBP).[1]  The Honorable Terrence G. Berg referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1)A) and (b)(1)(B).  [ECF No. 7].

_____

[1] Current Attorney General Jeff Sessions and current Acting Commissioner of USCBP Kevin K. McAleenan have been automatically substituted for their respective predecessors by operation of Federal Rule of Civil Procedure 25(d).

Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [ECF No. 13].  After reviewing the fully briefed motion, [ECF No. 13, 16, 18], and construing the complaint in the light most favorable to the plaintiff, the Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED,** and that this matter be **DISMISSED**.

## II.   BACKGROUND

Jackson claims that on August 1, 2013, while he was a passenger on a Greyhound bus bound for Toronto, Canada, USCBP boarded the bus at the fixed border checkpoint in Detroit, Michigan.   [ECF No. 1, PageID 10, ¶9].  In the course of its routine inspections, USCBP searched Jackson's luggage with his permission. [*Id.*, ¶10].  Following the search of his luggage, USCBP selected Jackson for secondary inspection. [*Id.*].  Jackson alleges that he was removed from the bus "in a threatening manner," detained, and body searched by an agent who touched his genitals and buttocks.  [*Id.*]  Jackson also claims that he was selected for additional screening upon reentering the country at John F. Kennedy Airport in October 2013 and again at LAX Airport in December 2013 based upon his original detention in Detroit.  [*Id.*, ¶¶13-14].

2

According to Jackson, these actions amounted to unlawful searches and seizures in violation of the Fourth Amendment, and his placement on a federal watch list deprived him of his rights to travel unencumbered by harassment and to Fifth Amendment due process. [*Id.*, PageID 11, ¶¶17-21]. He also claims that he suffered emotional distress for which he is entitled to damages under the Federal Tort Claims Act (FTCA). [*Id.*, PageID 10, ¶15]. Defendants contend in their motion that Jackson failed to allege waiver of sovereign immunity and that his claims are time-barred. [ECF No. 13]. The Court agrees, and recommends defendants' motion to dismiss be granted.

## III.   ANALYSIS

### A.

A plaintiff bears of burden of showing that the Court has subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A Rule 12(b)(1) motion challenging jurisdiction should be decided before any other motion to dismiss under Rule 12(b)(6). *Wayside Church v. Van Buren Cty.,* 847 F.3d 812, 816 (6th Cir. 2017).

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

The doctrine of sovereign immunity shields the United States from lawsuits. *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Suits brought against the United States are therefore dismissed unless a claimant can point to an express waiver of sovereign immunity.  *See id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  Sovereign immunity is

jurisdictional in nature and only the United States' consent to be sued in any court creates jurisdiction to entertain the suit.  *Meyer*, 510 U.S. at 475. This immunity extends to federal officials that are sued in their official capacity.  *Muniz-Muniz v. U.S. Border Patrol,* 741 F.3d 668, 671 (6th Cir. 2013).  The United States has not consented to be sued for damages based on constitutional violations in a *Bivens*[2] action.  *Id.*; *Meyer* 510 U.S. at 485; *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992). Defendants thus are immune from Jackson's claims for money damages based on constitutional violations and those claims must be dismissed under Rule 12(b)(1).[3]

---

[2] *Bivens* is a shorthand reference to the private action for damages against federal officers alleged to have violated a citizen's constitutional rights, which was first recognized by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] Permitting Jackson to amend the complaint to name individual officers in a *Bivens* claim would be futile.  There is no federal statute of limitations for *Bivens* actions, so courts apply the statute of limitations for the state where the claim arose.  *Meeks v. Larsen*, 999 F. Supp. 2d 968, 977 (E.D. Mich. 2014), aff'd, 611 F. App'x 277 (6th Cir. 2015); *Hardin v. Straub*, 490 U.S. 536, 538 (1989).  In Michigan, civil rights actions are subject to a three-year statute of limitations.  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016).  Thus, the statute of limitations on a potential *Bivens* claim here expired on August 1, 2016, more than three months before Jackson filed this action.

## C.

The FTCA waves the sovereign immunity of the United States for certain torts committed by federal employees. *Meyer*, 510 U.S. at 476; 28 U.S.C. § 1346(b).[4]  But this waiver of sovereign immunity requires a claimant to abide by the terms of 28 U.S.C. § 2401(b):

> 'A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.*'

*Jackson*, 751 F.3d at 716–17 (quoting § 2401(b)).  Jackson argues that the six-month limitation outlined in the FTCA is not triggered until the claimant *receives* the notice of denial, but the *Jackson* court rejected that argument, pointing out that "the FTCA does not require that the claimant receive the denial letter in order to commence the six-month limitation period."  *Id.*  The FTCA requires only that the agency mail the denial by certified mail; "[a]n added receipt requirement would constitute a burden on the agency to

---

[4] The FTCA grants the federal district courts jurisdiction over claims that are: "'[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Meyer*, 510 U.S. at 477 (quoting § 1346(b)).

guarantee delivery, and would in fact be construing the FTCA in favor of plaintiffs suing the United States, when the Supreme Court has instructed courts to do the opposite." *Id.* (citing *Lane v. Pena*, 518 U.S. 187 (1986) ("a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.").

Here, the agency sent Jackson a notice of denial by certified mail, return receipt requested, on May 2, 2016.[5]  Jackson filed this action on November 29, 2016, nearly four weeks after the expiration of the six-month limitation.  Thus, to the extent Jackson's complaint adequately alleges a claim under the FTCA,[6] that claim is time-barred and the sovereign

---

[5]This was the third notice sent to Jackson's New York P.O. Box by the agency.  According to defendants, a notice sent certified mail on February 23, 2016, was delivered to an address in Huntington Woods, Michigan due to a U.S. Postal Service error.  A duplicate notice sent certified mail on March 9, 2016, was delivered to the correct address but never accepted and ultimately was returned undelivered.  [ECF No. 13-3].  Defendants rely upon the latest mailing date for the purposes of this motion.

[6] Defendants argue that the reference to the FTCA in Jackson's complaint does not adequately set forth a factual basis for the alleged torts underlying a FTCA claim.  [ECF No. 13, PageID 77-83].  Because the Court finds it lacks jurisdiction over this claim, it need not address this issue. Also, defendants argue, and Jackson concedes, that the United States (and not the named agencies) is the only proper defendant for an action under the FTCA. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).  Because the Court otherwise lacks jurisdiction over this claim, this defect is moot.

immunity waiver does not apply.  *See Jackson*, 751 F.3d at 716-17.[7]

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING**

defendants' motion to dismiss [ECF No. 13], and **DISMISSING** Jackson's

complaint.

s/Elizabeth A. Stafford_____
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 5, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

---

[7]Jackson states in his brief that he filed a claim with the agency on July 23,
2016, and that his November 2016 complaint here was thus timely.  [ECF
No. 16, PageID 123].  But the shows that his claim was actually filed a year
earlier, on July 23, 2015.  [ECF No. 13-2, PageID 87].

might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2017.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager