UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUBOIS L. JACKSON,

    Plaintiff,

v.

UNITED STATES
CUSTOMS AND BORDER
PROTECTION, *et al.*

    Defendants.

Case No. 16-14173
Hon. Terrence G. Berg
Hon. Elizabeth A. Stafford

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 22), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 13)**

## INTRODUCTION

Plaintiff Dubois L. Jackson ("Plaintiff"), acting in pro per filed this lawsuit against United States Border Protection, United States Office of Border Patrol as well as the U.S. Attorney General and the Commissioner of U.S. Customers and Border Patrol (USCBP) in their official capacities. Dkt. 1.

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's December 5, 2017 Report and Recommendation

1

("R&R"), Dkt. 22, which recommends that Defendants' Motion to Dismiss, Dkt. 13, be granted, and all of Plaintiff's claims be dismissed.

Plaintiff filed a single, timely objection to the R&R on December 19, 2017. Dkt. 23. Defendants filed a timely response to that objection on December 22, 2017. Dkt. 24.

For the reasons discussed below the Court will **ADOPT** the holding of the Magistrate Judge's Report and Recommendation with the noted modifications.

## BACKGROUND

The relevant facts about the underlying incident in this case are summarized in the Magistrate Judge's R&R. Dkt. 22, Pg. IDs 187-89. Those facts are adopted for purposes of this order.

In quick summary, Plaintiff is challenging a search that USCBP agents conducted of him at the fixed border checkpoint in Detroit in August 2013. Dkt. 1 at Pg ID 198-99. After that search, Plaintiff submitted an SF-95—the form through which individuals can present claims against agencies under the Federal Tort Claims Act (FTCA) 28 U.S.C. §2671 *et seq.*—to the USCBP office in Detroit. Dkt. 13-2. Plaintiff states that he submitted his first SF-95 to

USCBP on or around July 14, *2014*, and did not receive any response. Dkt. 1 at Pg ID 9. Defendants respond in their Motion to Dismiss that Plaintiff filed an SF-95 with the agency on July 14, *2015*, and that the agency responded with a denial letter on February 23, 2016. Dkt. 13 at Pg. ID 74. Defendants also submitted a copy of Plaintiff's July 14, 2015 SF-95 with their motion, in which Plaintiff requested $1,000,000 in damages. Dkt. 13-2.

Parties agree that Defendants' first denial letter on February 23, 2016 was not an effective denial of Plaintiff's FTCA claims because Defendants sent it to the wrong address. Dkt. 24 at Pg ID 218; Dkt. 13 at Pg ID 74. Defendants sent a second denial letter by certified mail on March 9, 2016 to the correct PO Box address listed on Plaintiff's SF-95, which was delivered to the PO Box, but never picked up, and thus returned undelivered. Dkt. 13 at Pg ID 74.

Plaintiff called the agency in May 2016 and stated he had not yet received a response to his July 14, 2015 SF-95. Dkt. 1 at Pg ID 9. Defendants state they told Plaintiff they would mail him a third copy of the denial letter, and did so, as a courtesy, by certified mail on May 2, 2016 to the same PO Box where the March 9, 2016 letter had been sent. Dkt. 13 at Pg ID 74. Plaintiff acknowledges receiving this May 2, 2016 denial letter on June 10, 2016. Dkt. 1 at Pg ID 9.

Plaintiff filed this Complaint on November 26, 2016 against the USCBP, the U.S. Office of Border Patrol, Loretta Lynch in her official capacity as the United States Attorney General, and R. Gil Kerlikowske in his official capacity as the Commissioner of USCBP. Dkt. 1. In the Complaint, Plaintiff claims Defendants violated his Fourth Amendment rights by unlawfully searching and seizing him during the checkpoint stop, and his Fifth Amendment rights by placing him on a federal watch list after that search without affording him any sort of process. Dkt. 1 at Pg ID 11. Plaintiff also references claims under the FTCA against USCBP for false imprisonment, false arrest, assault, and battery. Dkt. 1 at Pg ID 10.

On April 10, 2017, Defendants filed their Motion to Dismiss arguing that the Court should: 1) dismiss Plaintiff's constitutional claims because they were barred by sovereign immunity; 2) dismiss Plaintiff's FTCA claims for failure to state cognizable claims under the statute, and because any such claims—even if properly pleaded—are time-barred. Dkt. 13 at Pg ID 63, 68, 73.

On December 5, 2017 the Magistrate Judge issued her R&R recommending: 1) dismissal of Plaintiff's constitutional claims against the federal government and federal government officials

which are barred by sovereign immunity[1]; 2) dismissal of Plaintiff's FTCA claims as time-barred. Dkt. 22 at Pg ID 190-95.

Plaintiff timely filed a single objection on December 19, 2017, challenging only the Magistrate Judge's finding that his FTCA claims were time-barred. Dkt. 23 at Pg ID 198. Plaintiff argues the Magistrate Judge incorrectly found that his six month window for filing this Complaint in federal court began on May 2, 2016—the date on which the third copy of his denial letter was mailed to him. Dkt. 23 at Pg ID 198-99. According to Plaintiff, this was an error because the FTCA and its regulations require that agencies send these letters via certified or registered mail, but Defendants did not produce a copy of the Form 3800 (the official certified mail receipt) for the May 2, 2016 denial letter and thus did not establish that they satisfied this mailing requirement. *Id.* at 198-200 (citing 28 C.F.R. §14.9(a)). Plaintiff attaches a copy of the Form 3800 to his objection, Dkt. 23 at Pg ID 202, and a copy of the receipt Defendants submitted of certified mail postage purchased from "NetStamps" on May 2, 2016 for comparison. Dkt. 23 at Pg ID 204. The NetStamps

---

[1] The Magistrate Judge noted that Plaintiff could have brought his constitutional claims against individually named federal officers in their individual capacity as a *Bivens* action, but concluded that allowing Plaintiff to amend the Complaint now would be futile because those claims would be time-barred under Michigan law. Dkt. 22 at Pg 191 n. 3.

receipt appears to have been photocopied with another piece of paper laid on top of it with Plaintiff's name, address, and the date 5/2/2016 handwritten on it. *Id.* Plaintiff argues that this is insufficient to establish that Defendants actually sent him the May 2, 2016 denial letter via certified mail. Dkt. 23 at Pg ID 200.

On December 22, 2017, Defendants responded to Plaintiff's objection and argued that 1) the *second* denial letter the agency sent Plaintiff on March 9, 2016, independently satisfied the FTCA mailing requirement regardless of whether Plaintiff actually received it; 2) the *third* denial letter the agency sent Plaintiff on May 2, 2016 was sent via certified mail, per the NetStamps receipt and the sworn declaration attached as exhibits, and thus also satisfied the FTCA mailing requirement; 3) Plaintiff's FTCA claims fail as a matter of law because a) the Complaint did not state any claim against a party subject to liability under the FTCA, b) the FTCA claims are barred by the customs duty exception for routine border checkpoint inspections, and c) Plaintiff failed to actually plead facts supporting the false arrest and imprisonment, and negligent infliction of emotional distress claims he attempted to assert under the FTCA. Dkt. 24 at Pg ID 227.

Plaintiff has only objected to the Magistrate Judge's finding that his FTCA claims are time-barred. The Magistrate Judge considered the statutory limitation period under the FTCA that requires claimants file their complaints in federal court within six months of a federal agency's notification of the denial. She concluded that because Defendants sent Plaintiff a third copy of the denial letter on May 2, 2016 he had until November 6, 2016 to file his Complaint, but failed to do so until November 29, 2016. Dkt. 22 at Pg ID 192 (citing 28 U.S.C. §2401(b)).

The Court will therefore address only whether dismissal of his FTCA claims as time-barred was proper in light of his objection.

For the reasons discussed below the Court agrees with the Magistrate Judge's holding that Plaintiff's claims are time-barred, but finds that the *second* denial letter, which the agency mailed on March 9, 2016, started the six-month time window in which Plaintiff could have filed this action. The Court will therefore adopt the Report and Recommendation dismissing Plaintiff's claims with the modification that the agency's certified mailing of the March 9, 2016 letter rendered Plaintiff's FTCA claims time barred.

Accordingly, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as

7

the opinion of the Court with the modifications noted below, and Plaintiff's complaint is **DISMISSED with prejudice**.

## STANDARD OF REVIEW

**A. De novo review**

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**B. Motion to Dismiss Standard**

Rule 12(b)(1) provides for dismissal of claims where the court lacks subject matter jurisdiction. Here the claims at issue in Plaintiff's objection to the R&R are brought under the Federal Tort Claims Act (FTCA) 28 U.S.C. §2671 *et seq*. The FTCA waives the United States' sovereign immunity for certain tort claims—thereby providing courts with subject matter jurisdiction over them—provided that litigants satisfy several procedural requirements.

At issue here is the waiver of sovereign immunity requirement, which provides that:

> An action [under the FTCA] shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a)(emphasis added).

Also at issue is the statutory limitation period requirement, which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b)(emphasis added).

## ANALYSIS

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's FTCA claims are time-barred because he had six months after the agency mailed him the third, May 2, 2016 denial letter in which to file this Complaint, but did not do so until November 29, 2016; approximately four weeks after the six-month filing window expired. Dkt. 22 at Pg ID 193.

9

Under the FTCA, claimants have six months from the "date of mailing" of their denial letters in which to file a complaint in federal court:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b)(emphasis added). Plaintiff argues that the May 2, 2016 letter did not constitute a final denial under the FTCA because it was not sent via "certified or registered mail" and thus did not comply with the statute's mailing requirement. Dkt. 23 at Pg ID 198 (citing 28 C.F.R. §14.9(a)) ("Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail").

According to Plaintiff, the May 2, 2016 was not sent via certified or registered mail because Defendants could not provide "a mailing receipt to the sender and a record of delivery at the office of address." Dkt. 23 at Pg ID 198 (citing 39 C.F.R. §3001.68). Plaintiff states that the copy of the NetStamps receipt that Defendants produced showing certified mail was purchased on May 2, 2016 was insufficient to establish the denial letter was in fact sent via certified or registered mail. *Id.*

Defendants respond that the receipt for the certified mail postage, which was in the internal agency file Defendant USCBP kept on Plaintiff's case, combined with the declaration of Judith A. Wilson, the Lead Legal Assistant in the Office of the Assistant Chief Counsel for USCBP in Detroit, Dkt. 24-3, who attests she personally sent the May 2, 2016 letter to Plaintiff via certified mail, is credible evidence that the denial letter indeed complied with the certified mailing requirement. Dkt. 24 at Pg ID 226; Dkt. 24-3 at Pg ID 236. Defendants further argue that Plaintiff's admission that he signed for the May 2, 2016 letter on June 10, 2016 is additional proof the letter was sent by certified or registered mail as no other form of mail would have required his signature. Dkt. 24 at Pg ID 226 (citing Dkt. 16 at Pg ID 127).

Plaintiff did not allege that Defendants failed to send the SF-95 denial via certified mail in his Complaint. Dkt. 1 at Pg ID 9. He did, however, raise this argument in his opposition to Defendants' Motion to Dismiss. Dkt. 16 at Pg ID 127. But the R&R does not discuss Plaintiff's argument that the May 2, 2016 was not sent via certified mail letter and therefore fails the mailing requirement, *id.*, Defendants' sworn declaration that it was. Dkt. 13 at Pg ID 74; Dkt. 13-3 at Pg ID 92.

The R&R states only that "the agency sent [Plaintiff] a notice of denial by certified mail, return receipt requested, on May 2, 2016. . . ." Dkt. 22 at Pg ID 193. Whether the letter was sent via certified mail therefore appears to be a question that was not ultimately addressed and resolved. The Court nevertheless finds that regardless of whether this *third* denial letter was sent via certified mail, the *second* denial letter—which indisputably was sent by certified mail on March 9, 2016—served as the agency's final denial of Plaintiff's claim and began the six-month timeline for filing this suit in federal court. *See* Dkt. 24-3 at Pg ID 244-46 (copy of March 9, 2016 denial letter with certified mail receipt).

Plaintiff argued before the Magistrate Judge that the March 9, 2016 letter was not a final denial because he never received it. Dkt. 16 at Pg ID 127. But as the Magistrate Judge correctly noted, this Circuit has expressly addressed and rejected this argument, finding instead that the date on which a denial letter is sent is the date from which the six month limit is calculated *regardless* of whether that letter is ultimately received. Dkt. 22 at Pg ID 192 (citing *Jackson v. United States*, 751 F.3d 712, 716-17 (6th Cir. 2014)). In *Jackson*, the Sixth Circuit, following its sister circuits, held that a plaintiff was time-barred from bringing her FTCA claim six months after the date on which a federal agency mailed her SF-95

denial letter, even though it was undisputed that she did not ultimately receive that letter. *Id.* In so holding, the Sixth Circuit noted that the FTCA states only that the six-month window runs "from the date of mailing," 28 U.S.C. §2401(b), and that reading an additional receipt requirement into the text of the statute would "constitute a burden on the agency to guarantee delivery, and would in fact be construing the FTCA in favor of plaintiffs suing the United States, when the Supreme Court has instructed courts to do the opposite." *Id.* at 717 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Under this Circuit's clear interpretation of the FTCA therefore, Plaintiff had six months from March 9, 2016—until September 9, 2016—to file this Complaint, and failed to do so.[2]

---

[2] Plaintiff also appears to argue before the Magistrate Judge that the six-month filing requirement did not apply to him because USCBP failed to render a final decision on his SF-95 within six months of him submitting it. Under the FTCA "the failure of an agency to make a final disposition of a claim within six months after it is filed shall at the option of the claimant any time thereafter de deemed a final denial of the claim for purposes of this section." 28 U.S.C. §2675(a). In other words, if a claimant does not receive a response from the agency within six months of filing his SF-95 he may proceed directly to federal court. But this provision does not extend the timeline for filing a Complaint in federal court indefinitely where the agency ultimately does issue a denial. Indeed, "the agency can start the section 2401(b) [six months to file] clock running at any time by mailing a final denial of the claim." *See Ellison v. United States*, No. 07-11213, 2007 WL 1869156, at *3 (E.D. Mich. June 28, 2007) *aff'd Ellison v. United States*, 531

13

Thus the Court agrees with the Magistrate Judge's recommendation that Plaintiff's FTCA claims are time-barred, but modifies the R&R's analysis by finding that the agency's March 9, 2016 letter to Plaintiff served as the final administrative denial of his claims, and started the six-month clock for filing this Complaint. The Complaint was filed more than six months after March 9, 2016 and is therefore time-barred.

## CONCLUSION

For the reasons set forth above, Plaintiff's objection is **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court with the modifications discussed above. Accordingly, Defendants' Motion to Dismiss, Dkt. 13, is **GRANTED with prejudice.**

**SO ORDERED.**

Dated: January 31, 2018    s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE

---

F.3d 539 (6th Cir. 2008)(quoting *Pascale v. United States*, 998 F.2d 186, 192 (3d Cir. 1993)). Here, the agency started the six-month clock running when it sent the second denial letter to Plaintiff via certified mail on March 9, 2016.

14

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 31, 2018.

s/A. Chubb
Case Manager
